IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

|  |  |  |
|---|---|---|
| GLOBAL LICENSING, INC.,<br>a Michigan Corporation, | ) | |
| | ) | |
| | ) | Case No.: |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **JURY TRIAL REQUESTED** |
| HPSH, LLC, a Michigan Company dba DAVU<br>and Alfie Lamar Davison II an individual, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Global Licensing, Inc., for its Complaint against Defendants HPSH, LLC and Alfie Lamar Davison II (collectively "Defendants"), alleges as follows:

## PARTIES

1.     Plaintiff Global Licensing, Inc. ("GLOBAL") is a corporation organized under the laws of Michigan with its principal place of business at 8252 East Lansing Road, Durand, Michigan 48429.

2.     On information and belief, Defendant HPSH, LLC, is a Michigan Limited Liability Company operating in the state of Michigan with its principal place of business located at 1659 Woodward Ave Highland Park MI 48203..

3.     On information and belief, Defendant Alfie Lamar Davison, II, hereinafter "Davison," is an individual who resides at 2554 West 12 Mile Road Apt 301. Southfield Michigan 48035. On information and belief, Davison is a member of HPSH, LLC. and owns, operates, supervises, and/or controls its conduct and business. On information and belief, Davison (a) personally participated in and/or (b) had the right and ability to supervise, direct, and control the

wrongful conduct alleged in this Complaint, and derived a direct financial benefit from that wrongful conduct.

## JURISDICTION AND VENUE

4.      This is an action arising in part under the Lanham Act, 15 U.S.C. § 1051 et seq., and Michigan statutory and common law.

5.      This Court has subject matter jurisdiction over this matter pursuant to 15 U.S.C. §§ 1121 and 1125, 28 U.S.C. §§ 1331 and 1338(a) and (b) because it involves an action arising under the Lanham Act.

6.      Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over state law claims set forth herein because those claims are so related to the claims arising under federal law that they form part of the same case or controversy.

7.      This court has personal jurisdiction over Defendants because Defendants, upon information and belief, continuously and systematically reside and conduct business in Highland Park, Michigan. According to the Michigan Department of Licensing and Regulatory Affairs online records, HPSH, LLC dba DAVU registered office is 16549 Woodard Avenue Highland Park MI, 48203.

8.      Venue is proper in this District under 28 U.S.C. § 1391(b) because, upon information and belief, Defendants reside and conduct business in Highland Park, Michigan and a substantial part of the activities giving rise to the claims alleged herein occurred in this District.

## NATURE OF THE CASE

9.      GLOBAL brings this action to protect one of its most valuable assets, namely, the goodwill and consumer recognition associated with its family of trademarks and trade names comprising the term "Deja Vu."   This family of marks includes DEJA VU, DEJA VU

SHOWGIRLS, DEJA VU LOVE BOUTIQUE, DEJA VU FUSION and DEJA VU - COAST TO COAST marks, which GLOBAL and its predecessor owner of the Marks, Deja Vu Consulting, Inc. (hereinafter "CONSULTING") have used for many years in connection with its licensing of entertainment services and establishments.

10.     As described more fully below, without authorization or consent and with knowledge of the prior rights of GLOBAL and CONSULTING in GLOBAL's federally-registered marks, Defendants have commenced use of the service mark and trade name DAVU (hereinafter "DAVU Mark") in connection with their entertainment establishment.   Defendants' use of the DAVU Mark is likely to lead consumers to incorrectly believe that Defendants or their entertainment services are authorized by, sponsored by or affiliated with GLOBAL and its well-known marks and services.   Defendants' use of the service mark and trade name DAVU infringes GLOBAL's rights in its family of DEJA VU marks, and should therefore be enjoined. (*See attached* Exhibit A, depicting Defendants' confusingly similar advertising, and Exhibit B, depicting GLOBAL's advertising).

## COMMON ALLEGATIONS

11.     GLOBAL is a preeminent licensing company and owner of the well-known DEJA VU family of marks, which GLOBAL licenses in connection with entertainment services. GLOBAL is based in Durand, Michigan and licenses businesses throughout the United States. Since their creation, GLOBAL and CONSULTING have been considered two of the most innovative companies in the United States.   GLOBAL currently licenses its DEJA VU family of marks to over 40 businesses and continues to expand in key locations across the United States, further developing its national reputation.   Presently, GLOBAL licenses the DEJA VU family of marks to premier businesses located throughout the United States under well-known names and

trademarks, including Deja Vu, Deja Vu Showgirls, Deja Vu Erotic Ultra Lounge, Deja Vu On Main, Deja Vu Union Station, Deja Vu Midway, Deja Vu Presents and Deja Vu Airport. These entertainment establishments offer a wide range of entertainment options for their patrons.

12.    Long prior to Defendants' adoption or use of the DA VU Mark, GLOBAL and CONSULTING commenced use of their DEJA VU mark in connection with their nationally renowned services.   Since then, GLOBAL and CONSULTING have expanded their use of marks comprised of the term "DEJA VU" to include the following registered marks, many of which are now incontestable pursuant to 15 U.S.C. § 1065.

| Mark | Registration No. | Registration Date | Goods and Services |
| --- | --- | --- | --- |
| DEJA VU | 2709218 | April 22, 2003 | Entertainment Services |
| DEJA VU | 1726389 | October 20, 1992 | Entertainment Services |
| DEJA VU | 4208159 | September 18, 2012 | Entertainment Services |
| DEJA VU | 1682003 | April 7, 1992 | Periodic Publication |
| DEJA VU SHOWGIRLS | 2297828 | December 7, 1999 | Entertainment Services |
| DEJA VU SHOWGIRLS | 4208158 | September 18, 2012 | Entertainment Services |
| DEJA VU FUSION | 3915364 | February 8, 2011 | Entertainment Services |
| DEJA VU - COAST TO COAST | 2404571 | November 14, 2000 | Entertainment Services |

These marks constitute GLOBAL's "DEJA VU Family of Marks" (hereinafter referred to as such). Copies of the registration records for GLOBAL's DEJA VU Family of Marks are attached hereto as Exhibit C.

13.    GLOBAL and CONSULTING have further developed the DEJA VU Family of

Marks through the use of the marks DEJA VU FOUNTAIN OF YOUTH ARTESIAN SPRING WATER, Registration No. 3631789, and the use of the marks DEJA VU LOVE BOUTIQUE, Registration No. 3909619 & 4119898, which are used in connection to the sale of goods. GLOBAL and CONSULTING have further expanded the DEJA VU Family of Marks through the use of DEJA VU SHOWGIRLS Registration No. 3025762, which is used in connection with the publication of an electronic magazine. Registrations for these marks are currently subsisting and incontestable pursuant to 15 U.S.C. § 1065. Copies of the registration records for these marks are attached hereto as <u>Exhibit D</u>.   The DEJA VU Family of Marks in combination with the additional registered marks referenced in this paragraph are hereinafter sometimes collectively referred to as the "Registered Marks."

14.   Over 30 years, GLOBAL and CONSULTING have invested substantial time, effort and resources in promoting and marketing their marks and licensees under and in connection with GLOBAL's DEJA VU Family of Marks.   For example, GLOBAL and CONSULTING have promoted and marketed their licensees of entertainment services in connection with their DEJA VU Family of Marks in print, media, billboards, social media and in other ways customary in the industry.   In addition, the entertainment business licensees of GLOBAL and CONSULTING have been featured in reviews in regional and national publications. GLOBAL and CONSULTING maintain and have maintained a website for their entertainment services at www.dejavu.com.

15.   GLOBAL and CONSULTING have extensively cross promoted their Marks by prominently displaying the name of DEJA VU at their various licensees' establishments and through CONSULTING's website, which is accessible nationwide.   Because of the cross-promotional efforts of GLOBAL and CONSULTING, patrons of the establishments of GLOBAL's licensees across the United States are familiar with the DEJA VU Family of Marks

and associate them with GLOBAL.

16.     As a result of the continuous and extensive use of their DEJA VU Family of Marks by GLOBAL and CONSULTING in connection with GLOBAL's licensing of entertainment establishments, the DEJA VU Family of Marks has developed considerable customer recognition. Indeed, marks using the term DEJA VU have come to be recognized by customers as identifying and distinguishing GLOBAL's licensees alone. The DEJA VU Family of Marks thus has acquired a further distinctiveness and secondary meaning signifying GLOBAL. GLOBAL and CONSULTING have cultivated, and now GLOBAL owns, considerable and valuable goodwill in and symbolized by the DEJA VU Family of Marks.

17.     This consumer goodwill and recognition constitute GLOBAL's most valuable assets.   Accordingly, the integrity of GLOBAL's DEJA VU Family of Marks is extremely important to GLOBAL and crucial to the continued vitality and growth of GLOBAL's business.

18.     GLOBAL and CONSULTING have spent, and continue to spend, significant amounts of money and capital resources constituting substantial investment to register and promote their marks, including the DEJA VU Family of Marks, and to ensure their proper use and enjoin unlicensed and inappropriate uses.

19.     Upon information and belief, Davison personally participated in and/or had the right and ability to supervise, direct, and control all of the wrongful acts alleged in GLOBAL's complaint, and derived a direct financial benefit from the wrongful conduct. Davison is, therefore, subject to liability for the wrongful conduct alleged herein based on his direct acts or under principals of secondary liability, including, without limitation, respondeat superior, vicarious liability, and/or contributory infringement.

**DEFENDANTS' INFRINGEMENT**

20.     On information and belief, and long after GLOBAL and CONSULTING began their extensive promotion and use of their DEJA VU Family of Marks in connection with their services and obtained federal registrations for their DEJA VU Family of Marks, Defendants began promoting and opened an entertainment establishment located at 16549 Woodard Ave Highland Park MI 48203 under the name "Davu."

21.     Upon discovering Defendants' use of the DAVU Mark, GLOBAL demanded that Defendants cease use of the designation DAVU as such use is likely to cause consumer confusion with GLOBAL and the services it offers under and in connection with its DEJA VU Family of Marks.   GLOBAL, through its attorneys, has made written and oral demand via Federal Express and Telephone that Defendants cease and desist further infringement. *See* Exhibit E attached hereto.   Defendants however have continued promoting their DAVU-branded entertainment establishment.

22.     Pursuant to 15 U.S.C. § 1072, Defendants had constructive knowledge of GLOBAL's federally-registered DEJA VU Family of Marks prior to Defendants' unauthorized use of the DAVU Mark, which is confusingly similar to GLOBAL's registered DEJA VU Family of Marks.

23.     In addition, on information and belief, Defendants had actual knowledge of the longstanding use and ownership of its DEJA VU Family of Marks by GLOBAL and CONSULTING.   Thus, Defendants knowingly and willfully adopted, used and continue to use a mark confusingly similar to GLOBAL's DEJA VU Family of Marks with constructive and actual knowledge of GLOBAL's DEJA VU Family of Marks.

24.     In light of Defendants' use of the DAVU Mark in connection with similar services

as those offered for many years by the licensees of GLOBAL and CONSULTING under their federally-registered DEJA VU Family of Marks, as well as Defendants' refusal to respond to GLOBAL's demands, GLOBAL has no choice but to protect its rights in its valuable DEJA VU Family of Marks through this action.

**COUNT I**
**FEDERAL SERVICE MARK INFRINGEMENT**
**(15 U.S.C. § 1114(1)(a))**

25.    GLOBAL realleges and incorporates herein paragraphs 1 through 24 of this complaint.

26.    Defendants' aforesaid use of the DAVU Mark is without GLOBAL's authorization or consent.

27.    Defendants' unauthorized use of the DAVU Mark in connection with their promotion and provision of entertainment services is likely to cause confusion, mistake or deception as to the affiliation, connection or association of Defendants or their services with GLOBAL's licensees and its federally-registered DEJA VU Family of Marks in violation of 15 U.S.C. § 1114(1)(a).

28.    Defendants' unauthorized conduct has deprived and will continue to deprive GLOBAL of the ability to control the consumer perception of its marks and licensees of entertainment service businesses provided in connection with its DEJA VU Family of Marks, placing the valuable reputation and goodwill of GLOBAL in the hands of Defendants, over whom GLOBAL has no control.

29.    Upon information and belief, Davison personally participated in and/or had the right and ability to supervise, direct, and control all of the wrongful acts alleged in GLOBAL's first count, and derived a direct financial benefit from the wrongful conduct. Ortiz is, therefore,

subject to liability for the wrongful conduct alleged herein based on his direct acts or under principals of secondary liability, including, without limitation, respondeat superior, vicarious liability, and/or contributory infringement.

30.    As a result of Defendants wrongful conduct, GLOBAL is entitled to recover its actual damages, Defendants' profits attributable to the infringement, and treble damages and attorney fees pursuant to 15 U.S.C. § 1117 (a) and (b). Alternatively, Global is entitled to statutory damages under 15 U.S.C. § 1117 (c).

31.    As a result of Defendants' wrongful conduct, GLOBAL has suffered substantial damage and irreparable harm to its DEJA VU Family of Marks, constituting an injury for which GLOBAL has no adequate remedy at law, unless this Court enjoins Defendants' conduct, GLOBAL will continue to suffer irreparable harm.

### COUNT II
### FEDERAL UNFAIR COMPETITION
### (15 U.S.C. § 1125(a))

32.    GLOBAL realleges and incorporates herein paragraphs 1 through 31 of this complaint.

33.    GLOBAL and CONSULTING have offered entertainment services to the public under the DEJA VU Family of Marks since long prior to any acts of Defendants complained of herein.

34.    GLOBAL and CONSULTING have continually used their Registered Marks in commerce among the several states of the United States for entertainment services.

35.    GLOBAL's Registered Marks identify and distinguish their goods and services from the goods and services of others.

36.    Long prior to any conduct of the Defendants complained of herein, GLOBAL and

CONSULTING expended money, time and effort in advertising and promoting their entertainment services under the Registered Marks throughout the United States.

37.     By virtue of such sales and marketing efforts, the trademarks of GLOBAL and CONSULTING have become associated in the minds of the purchasers and users of their goods and services and in the minds of the general public with GLOBAL, and with GLOBAL alone and valuable goodwill has been built up in GLOBAL's Registered Marks.

38.     Long after GLOBAL's Registered Marks had become well-known, Defendants commenced to infringe, and continue to infringe, upon the rights of GLOBAL by using the DAVU Mark which is confusingly similar with GLOBAL's Registered Marks.

39.     Defendants have engaged in acts of unfair competition by the expectation of sales and promotion of entertainment services under trademarks and service marks, including the DAVU Mark, which are confusingly similar to GLOBAL's Registered Marks.

40.     Defendants have used the DAVU Mark in promotion and/or advertising and/or sale in commerce of entertainment services and related products and services.

41.     It is evident from the similarity between GLOBAL's Registered Marks and the DAVU Mark used by Defendants, and from Defendants' advertisements that the Defendants have deliberately and willfully used the DAVU Mark for services that are substantially similar to GLOBAL's services in order to trade upon the reputation and goodwill GLOBAL has established in their Registered Marks.

42.     Because of Defendant's deceptive practices, customers are likely to be induced to purchase entertainment services and related products and/or services from Defendants in the belief that those goods or services are those of GLOBAL.

43.     Defendants' actions constitute federal unfair competition in violation of Section 43

of the Lanham Act, 15 U.S.C. §1125(a).

44.     Upon information and belief, Davison personally participated in and/or had the right and ability to supervise, direct, and control all of the wrongful acts alleged in GLOBAL's second count, and derived a direct financial benefit from the wrongful conduct. Davison is, therefore, subject to liability for the wrongful conduct alleged herein based on his direct acts or under principals of secondary liability, including, without limitation, respondeat superior, vicarious liability, and/or contributory infringement.

45.     As a result of Defendants' wrongful conduct, GLOBAL is entitled to recover its actual damages, Defendants' profits, and treble damages and attorney's fees pursuant to 15 U.S.C. § 1117.

46.     Unless enjoined, Defendants' infringement of GLOBAL's Registered Marks and Defendants' advertising, which includes words and other symbols tending falsely to describe or represent Defendants' goods and services as those of GLOBAL's, and Defendants' injection of such goods and/or services into commerce will result in the loss of distinctiveness of GLOBAL's Registered Marks and the loss of goodwill and reputation attendant thereto.

47.     GLOBAL has no adequate remedy at law.

48.     Unless the Court restrains and enjoins Defendants from such activity, Defendants will persist in the unauthorized use of marks that infringe upon GLOBAL's Registered Marks.

### COUNT III
### FALSE DESIGNATION OF ORIGIN
### (15 U.S.C. § 1125(a))

49.     GLOBAL realleges and incorporates herein paragraphs 1 through 48 of this complaint.

50.     Defendants' actions complained of herein are likely to cause confusion, mistake or

deception among customers as to an affiliation, connection or association of Defendants' services with GLOBAL and its DEJA VU Family of Marks, and as to the origin, sponsorship or approval of Defendants and their services, in violation of Section 43 of the Lanham Act, 15 U.S.C. §1125(a).

51.    Defendants' unauthorized conduct has deprived and will continue to deprive GLOBAL of the ability to control the consumer perception of its entertainment service licensees provided in connection with its DEJA VU Family of Marks, placing the valuable reputation and goodwill of GLOBAL in the hands of Defendants, over whom GLOBAL has no control.

52.    Upon information and belief, Defendants have falsely designated the origin of their services and have caused such falsely designated services to enter into commerce.

53.    Defendants' actions constitute false designation of origin and a false description or representation that the Defendants' services are sponsored by or affiliated with GLOBAL and sold by GLOBAL.

54.    Upon information and belief, Davison personally participated in and/or had the right and ability to supervise, direct, and control all of the wrongful acts alleged in GLOBAL's third count, and derived a direct financial benefit from the wrongful conduct. Davison is, therefore, subject to liability for the wrongful conduct alleged herein based on his direct acts or under principals of secondary liability, including, without limitation, respondeat superior, vicarious liability, and/or contributory infringement.

55.    As a result of Defendants wrongful conduct, GLOBAL is entitled to recover its actual damages, Defendants' profits, and treble damages and attorney fees pursuant to 15 U.S.C. § 1117.

56.    As a result of Defendants' conduct, GLOBAL has suffered substantial damage and irreparable harm to its DEJA VU Family of Marks, constituting an injury for which GLOBAL has

no adequate remedy at law.   Unless this Court enjoins Defendants' conduct, GLOBAL will continue to suffer irreparable harm.

**COUNT IV**
**FEDERAL TRADEMARK DILUTION**
**(15 U.S.C. § 1125(c))**

57.     GLOBAL realleges and incorporates herein paragraphs 1 through 56 of this complaint.

58.     The GLOBAL Deja Vu Mark and the DEJA VU Family of Marks are well-known, distinctive, widely recognized and famous.

59.     Defendants are promoting offering and advertising, or causing to be promoted, offered and advertised, and/or selling and offering for sale services in connection with the mark DAVU, which is confusingly similar to the DEJA VU Family of Marks.

60.     Defendants' use of the DAVU Mark in connection with advertising and promotion of the DAVU entertainment establishment is likely to impair the distinctive quality of GLOBAL's DEJA VU Family of Marks by lessening the capacity of those marks to identify and distinguish GLOBAL exclusively as the source of goods or services offered in connection with the DEJA VU Family of Marks in violation of Section 43 (c) of the Lanham Act, 15 U.S.C.§ 1125 (c).

61.     Defendants' acts complained of herein constitute violations of Section 43 (c) of the Lanham Act, as amended, 15 U.S.C. § 1125 (c), in that Defendants' use of a mark that is confusingly similar to the DEJA VU Family of Marks in connection with the advertising, promotion, and/or sale of their services, has caused dilution of the acquired distinctive quality of GLOBAL's DEJA VU Family of Marks.

62.     Upon information and belief, Defendants have used, and continue to use, a mark which is confusingly similar to the DEJA VU mark and DEJA VU Family of Marks without

authorization of GLOBAL, for the wrongful purpose of benefitting from and trading upon the fame and goodwill attached to GLOBAL's DEJA VU Family of Marks so as to unfairly enhance the commercial value of Defendants' services.

63. Upon information and belief, Defendants do not own any federal or state trademark registrations for any mark that includes, in whole or in part, any of the DEJA VU Family of Marks and cannot assert any legitimate rights in or to the DEJA VU Family of Marks.

64. Upon information and belief, the aforementioned acts and conduct of Defendants were carried out with the intent and purpose of appropriating and trading upon the goodwill and reputation of GLOBAL's DEJA VU Family of Marks, and of passing off Defendants' services as those of GLOBAL's Licensees.

65. The acts of Defendants complained of herein have diluted, blurred and tarnished the strong and positive association between GLOBAL and the DEJA VU Family of Marks by causing GLOBAL's Family of Marks to be associated with services not organized, sponsored, or approved by GLOBAL.

66. Upon information and belief, Davison personally participated in and/or had the right and ability to supervise, direct, and control all of the wrongful acts alleged in GLOBAL's fourth count, and derived a direct financial benefit from the wrongful conduct. Davison is, therefore, subject to liability for the wrongful conduct alleged herein based on his direct acts or under principals of secondary liability, including, without limitation, respondeat superior, vicarious liability, and/or contributory infringement.

67. As a result of Defendants wrongful conduct, GLOBAL is entitled to recover its actual damages, Defendants' profits, and treble damages and attorney fees pursuant to 15 U.S.C. § 1125 (c)(5) and §§1116, 1117.

68.     As a result of Defendants' conduct, GLOBAL has suffered substantial damage and irreparable harm to its DEJA VU Family of Marks, constituting an injury for which GLOBAL has no adequate remedy at law.     Unless this Court enjoins Defendants' conduct, GLOBAL will continue to suffer irreparable harm.

### COUNT V
### COMMON LAW DILUTION

69.     GLOBAL realleges and incorporates herein paragraphs 1 through 68 of this complaint.

70.     Defendants' use of DAVU will cause dilution of the distinctive quality of GLOBAL's DEJA VU Family of Marks.

71.     GLOBAL's DEJA VU Family of Marks are distinctive and famous, and Defendants' use of DAVU in commerce began after GLOBAL's DEJA VU Family of Marks became distinctive and famous.

72.     Defendants have willfully traded on GLOBAL's reputation and caused dilution of GLOBAL's DEJA VU Family of Marks by their use of the infringing DAVU Mark.

73.     Upon information and belief, Davison personally participated in and/or had the right and ability to supervise, direct, and control all of the wrongful acts alleged in GLOBAL's fifth count, and derived a direct financial benefit from the wrongful conduct. Davision is, therefore, subject to liability for the wrongful conduct alleged herein based on his direct acts or under principals of secondary liability, including, without limitation, respondeat superior, vicarious liability, and/or contributory infringement.

74.     GLOBAL has been damaged by the dilution of its DEJA VU Family of Marks, lost profits, and goodwill.

## COUNT VI
## TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION UNDER MICHIGAN COMMON LAW

75.    GLOBAL realleges and incorporates herein paragraphs 1 through 74 of this complaint.

76.    Defendants' actions described above has been wanton, malicious and in reckless disregard for the trademark rights of GLOBAL thereby deceiving and misleading the public.

77.    Defendants' use of the DAVU Mark is likely to cause confusion or mistake, or to deceive as to Defendants' affiliation, connection, or association with GLOBAL, or as to the origin, sponsorship, or approval of Defendants' services.

78.    Defendants' actions as described above constitutes trademark infringement in violation of the common law of the State of Michigan.

79.    Defendants' actions as described above constitute unfair competition as a matter of Michigan common law.

80.    At all times pertinent hereto, Global and Defendants were engaged in trade or commerce within the State of Michigan.

81.    Upon information and belief, Davison personally participated in and/or had the right and ability to supervise, direct, and control all of the wrongful acts alleged in GLOBAL's sixth count, and derived a direct financial benefit from the wrongful conduct. Davison is, therefore, subject to liability for the wrongful conduct alleged herein based on her direct acts or under principals of secondary liability, including, without limitation, respondeat superior, vicarious liability, and/or contributory infringement.

82.    As a result of Defendants' conduct, GLOBAL will continue to suffer damage to GLOBAL's reputation and loss of business because of consumer confusion as to the origin,

sponsorship approval, nature, characteristics, or qualities of GLOBAL's services.

83.    GLOBAL has been, and absent injunctive relief will continue to be, irreparably harmed by Defendants' actions.

84.    GLOBAL has no adequate remedy at law for Defendants' unfair competition.

85.    GLOBAL is entitled to damages in an amount to be proven at trial, as well as GLOBAL's attorneys' fees as costs.

## COUNT VII
### VIOLATION OF MICHIGAN UNIFORM TRADE PRACTICES ACT
### M.C.L. § 445.903

86.    GLOBAL realleges and incorporates herein paragraphs 1 through 85 of this complaint.

87.    Defendants' above described acts constitute unfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce, in violation of Michigan's Uniform Trade Practices Act, M.C.L. § 445.903, including but not limited to:

88.    Causing a probability of confusion or misunderstanding as to the source, sponsorship, or approval of Defendants' products and services;

89.    Using deceptive representations in connection with Defendants' products or services;

90.    Representing that Defendants' products or services have sponsorship, approval, or characteristics they do not have, including GLOBAL's sponsorship or approval;

91.    GLOBAL will continue to suffer damage as a result of Defendants' unfair, unconscionable, or deceptive methods, acts, or practices.

92.    Upon information and belief, Davison personally participated in and/or had the right and ability to supervise, direct, and control all of the wrongful acts alleged in GLOBAL's

seventh count, and derived a direct financial benefit from the wrongful conduct. Davison is, therefore, subject to liability for the wrongful conduct alleged herein based on her direct acts or under principals of secondary liability, including, without limitation, respondeat superior, vicarious liability, and/or contributory infringement.

93.     GLOBAL has been, and absent injunctive relief will continue to be, irreparably harmed by Defendants' actions.

94.     GLOBAL has no adequate remedy at law for Defendant's violation of the Michigan Uniform Trade Practices Act.

95.     GLOBAL is entitled to damages in an amount to be proven at trial as well as GLOBAL's attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, as to all Counts of this Complaint, GLOBAL requests that this Court enter a judgment in favor of GLOBAL and against Defendants as follows:

a.     Declaring that Defendants have infringed GLOBAL's Family of Marks and have engaged in deceptive trade practices and unfair competition;

b.     Permanently enjoining and restraining Defendants, their agents, servants, employees and attorneys, and any other persons in active concert or participation with them, and any entity owned or controlled in whole or in part by Defendants from:

i.     using, selling, offering for sale, holding for sale, advertising or promoting any goods or services under or in connection with any trade name, trademark, service mark or Internet domain that is comprised in whole or in part of the term DAVU, or any term

phonetically or otherwise substantially or confusingly similar to GLOBAL's DEJA VU Family of Marks;

ii.    Engaging in any other activity constituting unfair competition with GLOBAL or constituting an infringement of any of Plaintiff's trademarks;

iii.    Diluting or tarnishing any of GLOBAL's trademarks;

iv.    Doing any act or thing that is likely to induce the belief that Defendants' goods, services or activities are in some way connected with GLOBAL's licensees, or that is likely to injure or damage GLOBAL's name, marks or business; or

v.    Assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (i) through (iv) above;

c.    Requiring that Defendants:

i.    Reimburse GLOBAL for all damages it has suffered due to Defendants' acts complained of herein;

ii.    Pay to GLOBAL exemplary damages;

iii.    Pay to GLOBAL their profits pursuant to 15 U.S.C. § 1117 (a);

iv.    Provide an accounting to determine the amount of earnings and profits obtained by Defendants from their wrongful infringement of GLOBAL's Registered Marks and from their other wrongful acts;

v.    Deliver to GLOBAL's counsel for destruction all promotional materials, products, advertisements, signs, brochures, packages,

menus, and other printed materials bearing the DAVU Mark or any other marks confusingly similar to GLOBAL's DEJA VU Family of Marks and all plates, molds, matrices, screens or other means for making the same that are in their possession or control within (10) days of the entry of the order;

vi.   Reimburse GLOBAL, under 15 U.S.C. § 1117 and 17 U.S.C. § 505, for the costs it has incurred in bringing this action, together with its reasonable attorney fees and disbursements;

vii.   Order that Defendants be required to pay all general, special, actual, and statutory damages which GLOBAL has sustained, or will sustain, as a consequence of Defendants' unlawful acts, and that such damages be enhanced, doubled, or trebled the maximum amount permitted by law as provided for by 15 U.S.C. § 1117 (b) & (c);

viii.   Order Defendants to pay prejudgment and post judgment interest; and

ix.   Order awarding GLOBAL all damages, trebled, and other remedies permitted by Massachusetts state law and common law, in an amount to be determined at trial; and

d.   Awarding GLOBAL such other and further relief this Court deems just and equitable.

## JURY DEMAND

Under Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury on all issue triable as of right by a jury.


Dated: December 8, 2017                    Respectfully submitted,

                                           By: /s/ Jeffrey S. Sherbow_____
                                               Jeffrey S. Sherbow (P25324)
                                               Matthew S. Wood (P74329)
                                               LAW OFFICES OF JEFFREY S. SHERBOW PC
                                               2446 Orchard Lake Road
                                               Sylvan Lake MI 48320
                                               Phone: (248) 481-9362
                                               Fax: (248) 481- 9406
                                               jeff@sherbowlaw.com
                                               msw@sherbowlaw.com

                                               *Attorneys for Plaintiff Global Licensing Inc.*