IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| GLOBAL LICENSING, INC., a Michigan Corporation,<br><br>Plaintiff,<br><br>v.<br><br>HPSH, LLC, a Michigan Company dba DAVU and Alfie Lamar Davison II an individual,<br><br>Defendants. | Case No.: 17-13966-GAD-APP<br>Hon. Drain |

## CONSENT JUDGMENT

Plaintiff Global Licensing, Inc. ("GLOBAL") and the Defendant HPSH, LLC dba DA VU, having reached a resolution of this matter, with neither admission of liability nor adjudication upon the merits, agree to entry of an order as set forth below:

IT IS HEREBY ORDERED, AND DECREED THAT:

1. This Court has jurisdiction over this matter pursuant to 15 U.S.C. §§ 1121 and 1125. 28 U.S.C. §§ 1331 and 1338 (a) and (b), and 28 U.S.C. § 1367.

2. HPSH, LLC and its active officers, agents, servants and employees are permanently enjoined and restrained from using the "DA VU" name or the word "DEJA VU" (or any word comprised of a character or group of characters sounding the same as ("DEJA VU") as, or a part of: (1) a name or domain name for any of their current or future establishments (including online advertising and social media for the establishments) and (2) a trademark or service mark for any of their current or future establishments (including online advertising and social media for the establishments).

3. HPSH, LLC shall, within (10) days of this order, remove and or have removed all

online advertising, promotion and social medial that uses the "DA VU" name or word "DEJA VU" (or any word comprised of a character or group of characters sounding the same as "DEJA VU").

4. HPSH, LLC shall, within (10) days of this order, deliver to GLOBAL's counsel for destruction all promotional materials, products, advertisements, signs, brochures, packages, menus, and other promotional materials, products, advertisements, signs, brochures, packages, menus, and other printed materials bearing the DA VU mark or nay other marks confusingly similar to GLOBAL's DEJA VU Family of marks and all plates, molds, matrices, screens or other means for making the same that are in the Defendants' possession or control.

5. This Consent Judgment shall be binding upon the parties, as well as upon their respective successors, assigns, subsidiaries, and divisions, and any others acting in concert or participation with them.

6. Nothing contained in this Agreement shall be construed as an admission that HPSH or any other entity or person violated the law or interfered with GLOBAL's trademarks in any respect; and this Agreement may not be used as evidence in any civil, administrative or other proceeding for the purpose of showing or attempting to show that HPSH, LLC or any other entity or person violated any law, contact or other obligation.

7. That as full and final settlement, HPSH is to pay to plaintiff $3,000.00 forthwith.

8. The parties acknowledge that the present suit against Defendant Alfie Lamar Davison II has been separately dismissed without prejudice.

9. The remaining parties hereby voluntarily consent to have this Court enter this Consent Decree.

10. That this Judgment resolves the last pending claim and closes this case.

11.   This Court shall retain jurisdiction over this matter for the sole purpose of enforcing this Consent Decree.

_____
United States District Court Judge

Dated:_____

The above Consent Judgment is agreed to as to form and substance.

| Global Licensing, Inc. | HPSH, LLC |
|---|---|
| By: *(signature)* | By: *(signature)* |
| Name: Dawn Beasley | Name: Alfie Davison |
| Title: President | Title: Member |
| Date: March 9, 2018 | Date: 3/7/18 |